Thomas E. Dvorak, ISB No. 5043
Kersti H. Kennedy, ISB No. 9064
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho 83701
Telephone: (208) 388-1200
Facsimile: (208) 388-1300
tedservice@givenspursley.com
kerstikennedy@givenspursley.com
19269966 [18578.1]

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATALIE CLAIR,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIGID MANDER,<br><br>    Defendant. | Case No. 1:25-cv-00738<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Brigid Mander ("Defendant") removes this action from the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Blaine (the "State Court Action"), which was assigned Case No. CV07-25-00726, to the United States District Court for the District of Idaho. As set forth below, this action is properly removed because Defendant has complied with the statutory requirements for removal under 28 U.S.C.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 1**

§§ 1441 and 1446, and this Court has original jurisdiction over this action in accordance with 28 U.S.C. § 1332.

**I.    DEFENDANT'S NOTICE OF REMOVAL COMPLIES WITH THE STATUTORY REQUIREMENTS UNDER 28 U.S.C. § 1446.**

1. On November 11, 2025, Plaintiff Natalie Clair ("Plaintiff") commenced the State Court Action by filing a complaint captioned *Natalie Clair v. Brigid Mander* (the "Complaint") for Idaho state law claims for defamation (libel and slander, including defamation *per se*), false light invasion of privacy, intentional interference with prospective economic advantage, and tortious interference with parental rights.

2. On or about December 3, 2025 Plaintiff attempted service of the Summons and Complaint in the State Court Action. A true and correct copy of the Summons and Complaint are attached.

3. In accordance with 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendant consisting of the Complaint and Summons is attached hereto. A copy of the state court docket is attached hereto, indicating an Affidavit of Service claiming service on December 3, 2025, and other court clerk entries or administrative court documents filed in the case docket but which were not served on this Defendant. To Defendant's knowledge, no other process, pleadings or orders have been filed or served in this action, nor have any hearings been scheduled.

4. This Notice is timely filed under 28 U.S.C. § 1446(b). According to the attached state court docket, Plaintiff filed an Affidavit indicating service was effected on December 3, 2025. This Notice is thus filed within 30 days of service of the Complaint as required by 28 U.S.C. § 1446(b).

5.  Plaintiff filed the State Court Action in the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Blaine, which is located within the jurisdiction of the United States District Court for the District of Idaho. 28 U.S.C. § 92. Accordingly, this action may be removed to this District, as the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

6.  In accordance with 28 U.S.C. § 1446(d), Defendant will provide written notice of the removal of this action to Plaintiff and will file a copy of this Notice with the Clerk of the District Court of the Fifth Judicial District of the State of Idaho, in and for the County of Blaine.

## II. THIS COURT HAS JURISDICTION IN ACCORDANCE WITH 28 U.S.C. § 1332(a)

7.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Under Section 1332(a), a federal court has jurisdiction over actions whenever (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and (2) is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

8.  This matter satisfies the jurisdictional requirements of Section 1332 because the parties are completely diverse, and the Plaintiff seeks a combination of monetary and equitable remedies that exceed the jurisdictional threshold of $75,000. (Ex. B ¶ 28.)

### A. Plaintiff is Diverse from Defendant.

9.  For purposes of diversity jurisdiction, an individual's citizenship is determined by domicile.

10. The Complaint alleges, on information and belief, that Defendant Brigid Mander is a resident of Blaine County, Idaho. That allegation is incorrect. Defendant Brigid Mander is not a citizen of Idaho.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 3**

11. At the time this action was commenced and at the time of removal, Defendant Brigid Mander was and is a citizen of the State of Wyoming. Ms. Mander is domiciled in Wyoming and resides in Jackson, Teton County, Wyoming, which is her fixed and permanent home, and she intends to remain there indefinitely.

12. Allegations of residence, as opposed to domicile and citizenship, are legally insufficient to establish citizenship for purposes of 28 U.S.C. § 1332. Defendant's citizenship is determined by her domicile in Wyoming, not by the Complaint's erroneous allegation of Idaho residence.

13. As far as Defendant can ascertain, Plaintiff is a citizen of the State of Idaho. Accordingly, for the purposes of 28 U.S.C. § 1332, Plaintiff is not a citizen of Wyoming.

14. Thus, there is complete diversity between Plaintiff and Defendant sufficient to satisfy the requirements of 28 U.S.C. § 1332(a)(1). Plaintiff is not domiciled in, or a citizen of, Wyoming. Thus, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

      **B.**    **Plaintiff Alleges Damages Sufficient to Satisfy the Required Amount in Controversy.**

15. A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence with the notice of removal. *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 788 (9th Cir. 2018). Here, Plaintiff alleges claims for defamation *per se*, false light, intentional interference with economic relations, and tortious interference with parental rights, and seeks a combination of general, special, consequential, presumed, and punitive damages, as well as injunctive relief and an award of attorney fees. The amount in controversy is "the amount at stake in the underlying litigation" and includes all relief that may be awarded,

other than interest and costs, including compensatory and punitive damages, the value and cost of compliance with requested injunctive relief, and recoverable attorney fees. Id. at 793. Given the nature of the tort claims alleged, the request for punitive damages, the asserted reputational, economic, and emotional-distress injuries, and Plaintiff's request for injunctive relief and attorney fees, the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.   DEFENDANT'S RESERVATION OF RIGHTS

16.   Defendant files this Notice without waiving any defenses, objections, exceptions or obligations that may exist in their favor in either state or federal court. Defendant will file her answer or other objections within the time period permitted under Federal Rule of Civil Procedure 81.

17.   In making the allegations in this Notice of Removal, Defendant does not concede in any way that the allegations in the Complaint are true or that attempted service in Idaho upon Defendant was proper, or that Plaintiff has asserted claims upon which relief can be granted or that recovery of the amount sought is authorized or appropriate.

18.   Defendant further reserves the right to amend or supplement this Notice. In the event any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief, oral argument and any further evidence necessary in support of its position that this action is removable.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 5**

DATED: December 31, 2025

                                                             GIVENS PURSLEY LLP

                                                             */s/ Thomas E. Dvorak*
                                                             Thomas E. Dvorak
                                                            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 31, 2025, I filed the foregoing document electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael D. Pogue
mpogue@gravislaw.com
*Attorneys for Plaintiff*

AND I FURTHER CERTIFY that on such date, I served the foregoing on the following non-CM/ECF registered participants in the manner indicated:

NONE.

          */s/ Thomas E. Dvorak*
          Thomas E. Dvorak

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 7**