Electronically Filed
11/11/2025 10:46 AM
Fifth Judicial District, Blaine County
Stephen F. Graham, Clerk of the Court
By: Yessenia Lopez, Deputy Clerk

Michael D. Pogue, ISB No. 6518
GRAVIS LAW, PLLC
P.O. Box 3020
Sun Valley, ID 83353
208.290.9000
mpogue@gravislaw.com

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| NATALIE CLAIR,<br><br>　　　　　Plaintiff,<br>v.<br><br>BRIGID MANDER,<br><br>　　　　　Defendant. | Case No: CV07-25-00726<br><br>**COMPLAINT**<br><br>Williamson, Ned C |

  Plaintiff Natalie Clair brings this action against Defendant Brigid Mander for a pattern of defamatory statements, interference with professional relationships, and harassing conduct that has damaged Clair's reputation, livelihood, and peace of mind. Plaintiff seeks damages and injunctive relief.

  1. Plaintiff Natalie Clair is, and at all relevant times was, a resident of Blaine County, Idaho.

  2. Defendant Brigid Mander is, on information and belief, a resident of Blaine County, Idaho.

COMPLAINT - 1

3. This Court has subject-matter jurisdiction under Idaho law because the claims arise out of tortious acts and omissions that occurred in Idaho and caused injury in Blaine County.

4. Venue is proper in Blaine County because the parties reside here and a substantial part of the events or omissions giving rise to the claims occurred here.

5. Plaintiff is engaged in work that includes communications with industry colleagues, associations, and community members.

6. Defendant published and republished statements about Plaintiff to third parties, including individuals associated with Plaintiff's professional community and other contacts within Idaho.

7. On information and belief, the statements were false or, at minimum, conveyed false implications about Plaintiff, including assertions that tended to harm Plaintiff's reputation and standing in her profession.

8. Defendant's publications were made without privilege, justification, or consent, and were made with at least negligence as to their truth or falsity, and upon information and belief with actual malice.

9. Defendant also intentionally and improperly interfered with Plaintiff's economic and professional relationships by contacting, soliciting, and influencing third parties to view Plaintiff negatively.

10. Defendant further inserted herself into sensitive family and custodial matters involving Plaintiff, including by authoring and transmitting communications intended to affect custodial rights and related proceedings, which interfered with Plaintiff's parental prerogatives and caused distress.

COMPLAINT  - 2

11. Defendant engaged in a course of unwanted conduct directed at Plaintiff that a reasonable person would find alarming, harassing, or highly offensive, and that actually caused Plaintiff substantial emotional distress.

12. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including general damages for reputational harm and emotional distress, special damages in the form of lost opportunities and expenses, and will continue to suffer damages in an amount to be proven at trial.

13. Plaintiff reserves the right to amend this pleading to allege additional facts and detail as discovery reveals further information.

## FIRST CAUSE OF ACTION
### Defamation (Libel and Slander, including Defamation Per Se)

14. Plaintiff incorporates paragraphs 1 through 13.

15. Defendant published and republished false statements of fact about Plaintiff to third parties.

16. The statements were unprivileged and were at least negligent, and upon information and belief were made with actual malice.

17. The statements are defamatory per se because they impute to Plaintiff conduct incompatible with her profession and tend to injure her in her trade or business.

18. Plaintiff suffered presumed, general, special, and consequential damages, and is entitled to punitive damages due to Defendant's willful and malicious conduct.

## SECOND CAUSE OF ACTION
### False Light Invasion of Privacy

19. Plaintiff incorporates paragraphs 1 through 18.

20. Defendant publicized statements or implications that placed Plaintiff in a false light highly offensive to a reasonable person.

21. Defendant acted with knowledge of or reckless disregard for the falsity of the publicized matter and the false light in which Plaintiff would be placed.

22. Plaintiff is entitled to general and punitive damages.

## THIRD CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage

23. Plaintiff incorporates paragraphs 1 through 22.

24. Plaintiff had existing and prospective economic and professional relationships and expectancies with third parties.

25. Defendant knew of these relationships and expectancies and intentionally and improperly interfered with them by making false statements and otherwise urging or causing third parties to avoid, terminate, or reduce their dealings with Plaintiff.

26. Defendant's interference was wrongful and caused damages to Plaintiff.

## FOURTH CAUSE OF ACTION
### Tortious Interference with Parental Rights

27. Plaintiff incorporates paragraphs 1 through 26.

28. Plaintiff has custodial and parental rights concerning her child.

COMPLAINT - 4

29. Defendant intentionally and without privilege interfered with the exercise of those rights by inserting herself into custody-related communications and proceedings, attempting to influence outcomes adverse to Plaintiff.

30. Plaintiff suffered damages, including emotional distress and related economic losses.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

(a)  For general, special, and consequential damages in amounts to be proven at trial;

(b)  For presumed damages on defamation per se and false light;

(c)  For costs of suit and reasonable attorney fees as permitted by law; and

(d)  For such other and further relief as the Court deems just and proper.

DATED:   November 11, 2025

                                                GRAVIS LAW, PLLC

                                                __/s/Michael D. Pogue_____
                                                Michael D. Pogue
                                                Attorneys for Plaintiff